UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>RACHEL VALANDRA,<br><br>　　　　　Defendant. | 5:21-CR-50079-KES-01<br><br><br>ORDER DENYING MOTION<br>TO REDUCE SENTENCE |

Defendant, Rachel Valandra, filed a motion, under 18 U.S.C. § 3582(c)(2), requesting a reduction to her sentence pursuant to new retroactive Sentencing Guidelines provisions. Docket 57. Plaintiff, the United States of America, opposes Valandra's motion. Docket 59. For the following reasons, Valandra's motion for a sentence reduction is denied.

## DISCUSSION

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have

been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1)). If the amendment would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing, then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the retroactive amendment] does not have the effect of lowering the defendant's applicable guideline range.")

The Guidelines themselves define "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A) (2011); U.S.S.G., app. C., amend. 759 (2011).

On January 23, 2023, the court sentenced Valandra to a term of 120 months in imprisonment. Docket 54. Valandra's Guideline range, based on a total offense level of 29 and a Criminal History Category of I, was 87-108 months in custody; however, due to the 10-year mandatory minimum sentence applicable to her offense, her guideline term of imprisonment is 120 months. Docket 54-1 at 1; Docket 49 at 12. Valandra filed a motion to modify her sentence pursuant to 18 U.S.C. § 3582(c)(2). Docket 57 at 1. She claims she "has Zero Criminal History[,[" "did good on pretrial release[,]" and has

2

successfully completed certain programs. *Id.* at 4. She requests that the court "modify the term of imprisonment previously imposed." *Id.* It is unclear if Valandra is seeking release due to U.S.S.G. § 1B1.10(b)(2)(A)) or U.S.S.G § 4C1.1; the court will analyze Valandra's circumstances under both sections.

## I. U.S.S.G. § 4A1.1(e)

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in § 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections [§ 4A1.1] (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(e). The Commission decreed that this change applies retroactively. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

Valandra does not meet the U.S.S.G. § 4A1.1(e) criteria for a sentence reduction. Valandra's total criminal history score was 0, putting her in criminal history category I. Docket 49 at 8. Valandra did not receive any status points because she did not commit the instant offense while under any criminal justice sentence; therefore, Valandra is not entitled to a "status point" reduction.

## II. U.S.S.G § 4C1.1

In Subpart 1 of Part B to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission added an adjustment for certain zero-point offenders, which now appears in Section 4C1.1. The provision states:

3

> If the defendant meets all of the following criteria: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism); (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the instant offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights); (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and (10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; decrease the offense level determined under Chapters Two and Three by 2 levels.

U.S.S.G § 4C1.1.

The United States agrees that Valandra meets the ten criteria, making her eligible for a two-level reduction to her offense level; but this reduction makes no difference because she is still subject to the ten-year mandatory minimum sentence. Docket 59 at 3-4.

Except in circumstances that are not present here, the court may not reduce a defendant's term to "less than the minimum of the amended guideline range" applicable after the changes to the Guidelines are applied. U.S.S.G. § 1B1.10(b)(2)(A). Decreasing Valandra's offense level by 2 levels would result in a total offense level of 27 which, when coupled with her Criminal History Category of I, results in a Guideline range of 70-87 months in custody. *See* U.S.S.G., Ch. 5, Pt. A (Sentencing Table). But, under U.S.S.G. § 5G1.1(b), when "a statutorily required minimum sentence is greater than the maximum of the

4

applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." Pursuant to that provision, the lowest sentence Valandra can receive is 120 months in custody. Because the new Guidelines amendment does not decrease the sentence that may be imposed on her, Valandra is not eligible for relief.

## CONCLUSION

It is ORDERED that Valandra's motion is DENIED.

Dated February 14, 2024.

> BY THE COURT:
>
> */s/ Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE

5